**JEFFERY R. MENARD, SBN 248508**
350 Tenth Ave.
STE 1000
San Diego, CA 92101
Telephone: (858) 869-9529
Fax: (858) 605-6170
Jmenard22@gmail.com

**Thomas Kilburn Shanner, SBN 218515**
Shanner & Associates
7851 Mission Center Ct Ste 208
San Diego, CA 92108
Telephone: (619) 232-3057
toby@shannerlaw.com

Attorneys for Plaintiffs JOEL B. VOLSKY and SUSAN C. VOLSKY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT CALIFORNIA

| | |
|---|---|
| JOEL B. VOLSKY and SUSAN C. VOLSKY,<br><br>              Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; GREEN TREE SERVICING LLC. and Does 1 through 10<br><br>              Defendants. | Case No.: **'13CV1177 JLS  NLS**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 USC 1692 ET SEQ.); VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CCC SECTION 1788-1788.33); VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 USC 1681 ET SEQ.); ELDER ABUSE (CALIFORNIA WELFARE AND INSTITUTIONS CODE SECTION 15610.53); VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227 ET SEQ.); DECLARATORY RELIEF AND INTRUSION** |

**DEMAND FOR JURY TRIAL**

COMES NOW PLAINTIFFS, who seek damages against the Defendants, and each of them as follows:

## I

## GENERAL ALLEGATIONS

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act (CCC § 1788-1788.32) the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. ("FCRA") and Elder Abuse, California Welfare and Institutions Code Section 15610.53.

2. The legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.  Joel B. Volsky and Susan C. Volsky, individually, (hereinafter "Plaintiffs"), brings this action to challenge the actions of BANK OF AMERICA, NATIONAL ASSICIATION  (Hereinafter "BA"), a business entity form unknown, GREEN TREE SERVICING LLC. (Hereinafter "GT") a business entity form unknown and Does 1 through 10, cumulatively "Defendants," with regard to attempts by Defendants, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damage.

4.  For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendants named in this caption.

5.  Plaintiffs are natural people who reside in the County of San Diego, State of California and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

6.  Plaintiffs are natural people from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs and are "debtors" as that term is defined by California Civil Code § 1788.2 (h).

7.     Plaintiffs are informed and believe that Defendant BA, a business entity form unknown, is a company operating and licensed to and doing business in the City of San Diego, County of San Diego County, State of California.

8.     Plaintiffs are informed and believe that Defendant GT, a business entity form unknown, is a company operating and licensed to and doing business in the City of San Diego, County  of San Diego County, State of California.

9.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 10, inclusive, are unknown to Plaintiffs, and Plaintiffs therefore sue said defendants by such fictitious names.  Plaintiffs will seek leave of court to amend this complaint to show their true names and/or capacities when the same have been ascertained. Plaintiffs are informed, believe and thereupon allege that each of the Doe Defendants is, in some manner, legally responsible for the events and happenings herein set forth and which proximately caused the injury and damages to Plaintiffs as herein alleged.

10.    Plaintiffs are informed and believes, and thereon alleges, that BA, GT and DOES 1 through 10 (together "Defendants") are entities that use instrumentalities of interstate commerce or the mails for business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6) and California Civil Code § 1788.2 (c).

11.  Plaintiffs are informed and believe, and thereon allege, that Defendants are not attorneys or counselors at law and are entities who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2 (c).

12.  This case involves money, property or the equivalent, due or owing or alleged to be due or owing from natural people by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. § 1692a (5) and Cal. Civ. Code § 1788.2 (f).

13.  Plaintiffs allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by  15 U.S.C. § 1692a (5) and Cal. Civ. Code § 1788.2 (d). Namely, the Plaintiffs have a mortgage that is or was being serviced by BA and GT.

14.  The alleged debt is a mortgage secured by a Deed of Trust, previously or currently being serviced by BA, and currently serviced by GT.

15.   Every month, Plaintiffs pay BA directly from the Plaintiffs' Wells Fargo Bank account.

16.   In June of 2012 Wells Fargo sent an additional $2,000.00.

17.   When Plaintiffs' noticed this additional $2,000.00 being paid to BA, they immediately took action to recover that $2,000.00

18.   BA told Plaintiffs' that BA cannot refund the money until the check cleared the Wells Fargo account.

19.   BA then told Plaintiffs' that BA needed a certified copy of Plaintiffs' bank account with Wells Fargo.  Wells Fargo sent a certified copy of Plaintiffs' bank account directly to BA as requested, showing that the additional $2,000.00 had already been drawn on his account.

20.   BA did not refund Plaintiffs' their money.

21.   Plaintiffs' actual mortgage payment is $2,352.24; however Plaintiffs' pay BA $2,400.00 every month.

22.   When the July 2012 payment came due, Plaintiffs' sent BA a payment of $400.00 through their Wells Fargo account and Plaintiffs' mailed a letter to BA explaining why the payment is $400.00 and Plaintiffs' requested that BA apply the additional $2,000.00 overpayment from the previous month to the month of July.

23.   Plaintiffs resumed making payments of $2,400.00 in August 2012 and every month thereafter.

24.   Plaintiffs have never missed or been late on any mortgage payment.

25.   Beginning in July of 2012, BA began calling Plaintiffs multiple times a day.

26.   Plaintiffs' answered these phone calls and explained to BA what had happened but it fell on deaf ears.

27.   Plaintiffs' them mailed another letter to BA explaining the situation.

28.   After July of 2012, BA not only commenced calling Plaintiffs' repeatedly and excessively, and despite Plaintiffs' explanations, BA began assessing Plaintiffs' late fees and ultimately began putting derogatory credit marks on Plaintiff's, Susan Volsky's credit report.

29.   Plaintiffs' have made approximately 25 phone calls in an attempt to fix this problem.

30.   Beginning in July of 2012, BA began calling Plaintiffs' 4-5 per day, every day for a total of approximately 900 phone calls.  The calls start early in the morning and end late in the day.

31.   Completely exacerbated and helpless by BA's repeated and harassing phone calls, Plaintiffs submitted a complaint with the Office of the Comptroller of Currency (OCC), a bureau within the United States

Department of Treasury.  Plaintiffs then received another phone call from a representative of BA to deal with Plaintiffs' complaint.  The representative asked Plaintiffs' to fax him everything he has to a fax number that did not exist.  The representative at BA admitted to not setting up his fax number.

32.  The representative of BA who was dealing with Plaintiffs' OCC complaint told Plaintiffs' that he was going to fix the problem however, this problem has never been resolved and the harassing phone calls resumed with even greater frequency and vigor.

33.  Plaintiffs' attempted to divert these harassing phone calls to the BA representative that was handling the OCC complaint; however the harassing phone calls did not stop.

34.  Every time the Plaintiffs spoke to the collection agents at BA, they requested that BA stop calling them yet, these calls never stopped.

35.  In April of 2013, GT then apparently then began servicing the mortgage.

36.  The first communication Plaintiffs' received from GT was a letter that Plaintiffs' are approximately $7,000.00 in arrears.  Plaintiffs reiterated that they have never missed or been late on a mortgage payment.

37.  GT then began calling plaintiffs' numerous times per day.

38.   GT also began calling Plaintiff, Joel Volsky, on his cellular phone using an automated phone dialing system without the express consent of Joel Volsky.

39.   GT also began calling Plaintiff, Susan Volsky, at her place of employment after Plaintiff, Susan Volsky, specifically told them not to call her at work as she is not allowed to receive these types of phone calls at work.

40.   Plaintiffs requested a debt validation from GT but have not received anything.

41.   Plaintiffs' estimate that GT made no less than 50 phone calls.  The calls start early in the morning and end late in the day.

42.   Plaintiffs' sent GT a fax and a letter requesting all phone calls to stop and that all future communications are made in writing.

43.   The collection communications made by BA, GT and their employees and agents to Plaintiffs were false, deceptive, harassing, oppressive, and abusive communications in violation of numerous and multiple provisions of the FDCPA and RFDCPA, including but not to limited to violations of 15 U.S.C Section 1692 d, 1692 c(c), 1692 c(a)(3), 1692 c(c), 1692 d(2), 1692 d(5), 1692 e, 1692 e(10), 1692(f) and 1692 f(1), 1692 f(5), 1692 g and California Civil Code Section 1788.17 by violating the above mentioned codes.

44.    The acts and omissions of the individual Defendants, and the other debt collectors employed as agents by Defendants who communicated with Plaintiffs as described herein, were committed within the course and scope of their employment and/or agency relationship with their principals, Defendants BA, GT and Does 1 to 10.

45.    In committing the acts alleged herein, Defendants, BA, GT and DOES 1 through 10, and each of them, have acted maliciously (i.e., conduct with intent to cause injury to Plaintiffs; fraudulently and so as to subject Plaintiff to unjust hardship and conscious disregard for Plaintiffs' rights.  Plaintiffs are informed and believe and thereon allege that each of these acts has been ratified and adopted by Defendants' BA, GT and Does 1 to 10's officers, and managing agents, so as to justify an award of exemplary and/or punitive damages in an amount to be determined at the time of trial in an amount sufficient to deter Defendants from engaging in the same conduct in the future.

## II.

## FIRST CAUSE OF ACTION

**(Violation of the Fair Debt Collection Practices Act**

**15 U.S.C. § 1692 et seq., both Plaintiffs against Defendants GT and Does 1**

**through 10)**

46.   Plaintiffs refer to the allegations in paragraphs 1 to 45 of their complaint and incorporate those allegations herein as if set forth in full.

47.   The foregoing acts and omissions of Defendants GT and Does 1 to 10, and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs.

48.   As a direct and proximate result of Defendant's GT and Does 1 to 10's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k (a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

49.    The conduct of Defendants, GT and Does 1 through 10, and each of them, in engaging in the wrongful collection of a debt in the manner alleged herein is part of a pattern of practice of illegally engaging in the wrongful collection of debts.   In particular, Plaintiffs are informed and believe and thereon allege that Defendants, GT and Does 1 through 10, and each of them have a practice of engaging in and did in this particular case the following acts:

a.  Collecting debts Defendants know are not due;

b.  Calling the Plaintiffs at the place of employment after being instructed not to do so as Plaintiffs are not permitted to have debt collection calls at work;

c.  Calling Plaintiffs on their cellular phone using an automated phone dialing system without the express consent of Plaintiffs;

d.  Contacting alleged debtors at times, places and with such frequency that they know are harassing and;

e.  Falsely reporting to credit reporting agencies debts Defendants know, or in good reason should know, are not due and using those reports to wrongfully force Plaintiffs to pay on debts Defendants know are not due.

## III

## SECOND CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act Section 1788 – 1788.32, both Plaintiffs against Defendant BA and GT and DOES 1 through 10)**

50.  Plaintiffs refer to the allegations in paragraphs 1 to 49 of the complaint and incorporate those allegations herein as if set forth in full.

51.  The foregoing acts and omissions of Defendants and each of them constitute numerous and multiple violations of the RFDCPA.

52.  As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

53.  The conduct of Defendants, BA, GT and Does 1 through 10 and each of them, in engaging in the wrongful collection of a debt in the manner alleged herein is part of a pattern of practice of illegally engaging in the wrongful collection of debts.   In particular, Plaintiffs are informed and believe and thereon allege that Defendants, BA, GT and Does 1 through 10 and each of them have a practice of engaging in and did in fact within this particular case commit the following acts:

   a.  Collecting debts Defendants know are not due;

   b.  Calling the Plaintiffs at the place of employment after being instructed not to do so as Plaintiffs are not permitted to have debt collection calls at work;

    c.  Calling Plaintiffs on their cellular phone using an automated phone dialing system without the express consent of Plaintiffs;

    d.  Contacting alleged debtors at times, places and with such frequency that they know are harassing and;

    e.  Falsely reporting to credit reporting agencies debts Defendants know, or in good reason should know, are not due and using those reports to wrongfully force Plaintiffs to pay on debts Defendants know are not due.

## IV

## THIRD CAUSE OF ACTION

## (VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, both Plaintiffs against BA, GT and DOES 1 through 10)

54.    Plaintiffs refer to the allegations in paragraphs 1 to 53 of the complaint and incorporate those allegations herein as if set forth in full.

55.    As a result of the unlawful actions of the Defendants as alleged herein, the Plaintiffs have been required to devote countless and unnecessary hours to seek to correct the erroneous information on their consumer credit report.

56.    The Plaintiffs have attempted numerous times to get Defendants to remove this debt and the corresponding derogatory entries from their credit report.

As of the date of this complaint, the debt and derogatory entries have not been removed and Defendants and each of them refuse to do so.

57.   As a direct and proximate result of the wrongful reporting of derogatory entries by Defendants, and each of them, Plaintiffs have sustained numerous injuries and have been denied credit for which they wish to wish to obtain including but not limited to the refinance of the subject mortgage. These wrongful acts have damaged Plaintiffs.

58.   BA and GT and Does 1 to 10 and each of them have willfully violated the FCRA to the detriment of the Plaintiffs.

59.   As a result of Defendants' violations of the FCRA, Plaintiffs are entitled to any actual damages, reasonable attorney's fees and costs.

60.   The conduct of Defendants, BA, GT and Does 1 through 10, and each of them, in engaging in the acts alleged herein is part of a pattern of practice of illegally engaging in the wrongful collection of debts through the use of false reports to credit reporting agencies.   In particular, Plaintiffs are informed and believe and thereon allege that Defendants, BA, GT and Does 1 through 10 and each of them have a practice of engaging in and did in this particular case commit the following acts:

a.   Placing derogatory entries on Plaintiff's credit report when she is in fact current on her mortgage;

b.  Placing derogatory entries on Plaintiffs credit report therefore causing damage on their ability to obtain new credit;


**<u>V</u>**

**<u>FOURTH CAUSE OF ACTION</u>**

**(ELDER ABUSE, CALIFORNIA WELFARE AND INSTITUTIONS CODE SECTION 15610.53, Plaintiff JOEL VOLSKY against BA, GT and DOES 1 through 10)**


61.   Plaintiffs refer to the allegations in paragraphs 1 to 60 of the complaint and incorporate those allegations herein as if set forth in full.

62.   JOEL VOLSKY is and was an "elder" at all times mentioned herein as that term is defined by the California Welfare and Institutions Code Section 15610.27.

63.   BA and GT and Does 1 through 10 are aware of JOEL VOLSKY's age which is currently 66.

64.    The acts of Defendants, BA, GT and Does 1 through 10 and each of them in telephoning JOEL VOLSKY over 900 times and caused "mental suffering" as that term is defined in the California Welfare and Institutions

Code Section 15610.53 and the "mental suffering" was brought about by the conduct of Defendants, BA, GT and Does 1 through 10.

65. The Defendants BA, GT and Does 1 through 10, violation of the California Welfare and Institutions Code Section 15610.53 subjects said Defendants, and each of them, to an award of punitive damages, attorney's fees and costs, and general damages in an amount to be established according to proof at the time of trial.

## VI

## FIFTH CAUSE OF ACTION

## (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT47 U.S.C. § 227 et seq., both Plaintiffs against BA, GT and Does 1 through 10)

66. Plaintiffs refer to the allegations in paragraphs 1 to 65 of the complaint and incorporates those allegations herein as if set forth in full.

67. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the above-cited provisions of the TCPA, 47 U.S.C. § 227 et seq., with respect to each PLAINTIFF.

68.   As a result of each and every Defendants' violations of the TCPA, PLAINTIFFS, are entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $500.00 for each violation pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $1,500.00 for each willful or knowing violation pursuant to 47 U.S.C. §227 et seq.; and, reasonable attorney's fees and costs pursuant to 47 U.S.C. §227 et seq. from each and every Defendant herein.

## VII

## SIXTH CAUSE OF ACTION

### (DECLARATORY RELIEF)

69.   Plaintiffs refer to the allegations in paragraphs 1 to 68 of the complaint and incorporates those allegations herein as if set forth in full.

70.   Plaintiffs allege that are current on the subject debt, have never been late with a payment, nor have they every missed a payment with BA, GT and/or Does 1 to 10 as alleged herein.

71.   An actual controversy now exists between Plaintiffs and Defendants, and each of them relating to the legal rights and duties of the parties hereto, in that Defendants claim that they are owed a debt by Plaintiffs, when in fact no such debt is owed by Plaintiffs.  The competing claims establish that a

real and actual controversy exists as to the respective rights of the parties to this matter, including the existence of an alleged debt owed by Plaintiffs and Defendants continued reporting of derogatory comments on Plaintiffs' credit report.

72. Plaintiffs request that the Court make a finding and issue appropriate orders stating that Plaintiffs are current on their mortgage and have always been current.

73. Plaintiffs will suffer prejudice if the Court does not determine the rights and obligations of the parties because: (1) Plaintiffs will continue to be subjected to Defendants wrongful collection activity and (2) Plaintiffs will continue to have derogatory comments on their credit report initiated by Defendants, and each of them, to Plaintiffs' harm and damage which adversely impacts Plaintiffs' creditworthiness.

74. Plaintiffs requires that a determination be made immediately as to the rights of Defendants and each of them to collect a debt from Plaintiffs and to continue to report derogatorily on Plaintiff's credit report so that Plaintiffs do not suffer irreparable harm.

75. Further, Plaintiffs will suffer irreparable harm consisting of the continued damage to their credit report and continued harassment for a debt they are current on, for which there is no adequate remedy at law, if Defendants and

each of them are not enjoined from continuing to wrongfully attempt to collect on the alleged debt and continue to wrongfully report the alleged debt as a derogatory comment on Plaintiffs credit report.  It is therefore requested that this Court issue a Temporary Restraining Order, Preliminary Injunction and Permanent injunction enjoining any further collection activity on the subject debt and further ordering Defendants and each of them to take all action necessary to remove the derogatory comments they have caused to be made for this alleged debts from Plaintiff's credit report.

## VIII

## SEVENTH CAUSE OF ACTION

### (INTRUSION both Plaintiffs against BA, GT and Does 1 through 10,  )

76.  Plaintiffs refer to the allegations in paragraphs 1 to 75 of the complaint and incorporates those allegations herein as if set forth in full.

77.  DEFENDANTS intentionally penetrated PLAINTIFFS' zone of sensory privacy surrounding them, by repeatedly calling them and harassing them.

78.   PLAINTIFFS had a reasonable expectation of seclusion and solitude at home and at work which is the primary place where most of these phone calls took place.

79.   The 900 phone calls in less than a year is highly offensive to PLAINTIFFS
and would be highly offensive to a reasonable person.

**WHEREFORE,** Plaintiffs prays that judgment be entered against Defendants as
follows:

On the First Cause of Action

1.  for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1)
    against each Defendant and for Plaintiffs;

2.  for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.
    §1692k(a)(2)(A) against each Defendant and for Plaintiffs;

3.  for an award of costs of litigation and reasonable attorney's fees pursuant
    to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiffs.

On the Second Cause of Action;

1.   An award of actual damages pursuant to California Civil Code § 1788.30
     (a), from Defendants for Plaintiffs;

2.   An award of statutory damages of $1,000.00, pursuant to California Civil
     Code § 1788.30(b), from all Defendants;

3.      An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendants.

On the Third Cause of Action;

1.  For an award of actual damages;

2.  For an award or reasonable attorney fees and costs;

3.  For an award of punitive damages or exemplary damages.

On the Fourth Cause of Action;

1.      For Actual damages;

2.      For general damages in excess of $25,000;

3.      For punitive or exemplary damages.

On the Fifth Cause of Action;

1.  For an award of actual damages pursuant to 47 U.S.C. §227 et seq.  against each and every Defendant and for each PLAINTIFF;

2.  For an award of statutory damages of $1,500.00 per violation pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each PLAINTIFF;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each PLAINTIFF.

On the Sixth Cause of Action;

1. For an order and declaration that Plaintiffs are and have always been current on the mortgage with Defendants;

2. For a Temporary Restraining Order, Preliminary Injunction and Permanent injunction enjoining any further collection activity on the subject debt and further ordering Defendants and each of them to take all action necessary to remove the derogatory comments they have caused to be made for this alleged debts from Plaintiffs' credit report.

On the Seventh Cause of Acton:

1. For an award of actual damages against each and every Defendant and for each Plaintiff;

2. For an award of emotional distress damages against each and every Defendant and for each Plaintiff;

3. For an award of punitive damages against each and every Defendant and for each Plaintiff;

On all Causes of Action:

   1.  For costs of suit incurred herein;

   2.  For such further relief as the Court deems just and proper.


Dated:   5/16/2013          By:  /s/Jeffery R. Menard
                                       Jeffery R. Menard, attorney for Plaintiffs


## DEMAND FOR JURY TRIAL

   Plaintiffs hereby demand a jury trial in the above captioned matter.


Dated:   5/16/2013          By:  /s/Jeffery R. Menard
                                       Jeffery R. Menard, attorney for Plaintiffs

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOEL B. VOLSKY and SUSAN C. VOLSKY | BANK OF AMERICA, NATIONAL ASSOCIATION; GREEN TREE SERVICING LLC. and Does 1 through 10 |

**(b)** County of Residence of First Listed Plaintiff    San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JEFFERY R. MENARD, SBN 248508, 350 Tenth Ave., STE 1000
San Diego, CA 92101, 858-869-9529

Attorneys *(If Known)*

**'13CV1177 JLS  NLS**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care / | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | Liability | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692, 15 USC 1681, 47 USC 227

Brief description of cause:
Debt Collections and credit reporting violations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE                                 DOCKET NUMBER

DATE
05/16/2013

SIGNATURE OF ATTORNEY OF RECORD
s/Jeffery R. Menard

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                 APPLYING IFP                 JUDGE                 MAG. JUDGE