**UNITED STATES DISTRICT COURT**
Southern District of California
James M. Carter and Judith N. Keep United States Courthouse
Office of the Clerk of Court
333 West Broadway, Suite 420
San Diego, California 92101-3806
(619) 557-6348

| | |
|---|---|
| **Nicole Lennon-Fisher**<br>Chief Deputy of Administration | **John Morrill**<br>Clerk of Court<br>www.casd.uscourts.gov |

In re: *Volsky v. Bank of America, National Association*
13-cv-1177

Dear Parties,

I have been contacted by Judge Sammartino who presided over the above-mentioned case.

Judge Sammartino informed me that it has recently been brought to her attention that while she presided over the case a family member owned stock in Bank of America Corporation. Judge Sammartino was not aware of this financial interest at the time the case was pending. The matter was brought to her attention after disposition of the case. Thus, the financial interest neither affected nor impacted her decisions in this case. However, the financial interest would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Sammartino directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Sammartino's disclosure of a conflict in this case. Should you wish to respond, please submit your response within thirty days of entry of this letter on the docket. Any response will be considered by another judge of this court without the participation of Judge Sammartino.

Sincerely,

John Morrill
Clerk of Court